Jess G. Webster (AK #8410088)
Mikkelborg, Broz, Wells & Fryer, PLLC
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
(206) 623-5890

Attorneys for Plaintiffs

HON. TIMOTHY M. BURGESS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| MICHAEL K. ORTH, UNDERWRITERS AT LLOYDS, MARINE INSURANCE COMPANY LIMITED, AXIX SURPLUS INSURANCE COMPANY AND ALLIANZ MARINE & AVIATION VERSICHERUNGS AG,<br><br>  Plaintiffs,<br>vs.<br><br>C.C.J., INC.,<br>  Defendant. | IN ADMIRALTY<br><br>Case No. 3:06-CV-56 TMB<br><br>**EX PARTE MOTION FOR ISSUANCE OF SUBPOENA**<br><br>**(Clerk's Action Required)** |

## RELIEF REQUESTED

Plaintiffs request that the Judge issue a subpoena to the U.S. Coast Guard for an unredacted copy of its Investigation Report and investigation materials related to the vessel collision which is the subject matter of this action.

## DISCUSSION

On August 9, 2004 the fishing vessel MIDNITE SUN collided with the fishing vessel ROLFY in the vicinity of Kupreanoff Straight, Alaska. The U.S. Coast Guard interviewed

---

Motion for Issuance of Subpoena- 1
Michael K. Orth, et al. v. C.C.J., INC.
Case No.: 3:06-CV-56
J:\Main\O\ON-OR\ORTH, MIKE - 012388\2- Rolfy v. Midnight Sun - Underwriters\Pleadings\MotionIssuanceSubpoena032806.doc

**MIKKELBORG**
BROZ | WELLS | FRYER PLLC
ATTORNEYS AT LAW
1001 FOURTH AVENUE  SUITE 3600  SEATTLE
WASHINGTON 98154-1115  TEL: 206.623.5890

1  witnesses and prepared a Marine Investigation Report regarding the incident. Plaintiff Michael
2  K. Orth secured a copy of the Marine Investigation Report prepared by the U.S. Coast Guard,
3  but much of the needed information contained in the report, including the addresses and contact
4  information for witnesses, was redacted. In addition, the copy of the report provided by the
5  Coast Guard did not include witness statements from anyone other than the plaintiff and his
6  crewmember.
7      The identity of witnesses, their contact information, and prior statements provided to the
8  U.S. Coast Guard are all important discovery information in this action. Further, audio
9  recordings and other investigatory materials gathered during the course of the investigation are
10 reasonably calculated to lead to admissible evidence on some of the key issues before this
11 Court, to wit: Why did the collision occur and who was at fault?
12     The undersigned issued a subpoena to the U.S. Coast Guard office responsible for the
13 investigation, which office has responded by letter advising that the Coast Guard will require a
14 subpoena signed by a federal judge in order to provide the requested documents. See Exhibit
15 A, attached.
16     The undersigned has advised assigned defense counsel for the defendant herein, Phillip
17 Sanford, Esq., who has yet to file his appearance and Answer in this matter, but who advises
18 that he supports the instant motion and has provided the undersigned with authorization to so
19 represent to the court.
20     Accordingly, plaintiff asks that Your Honor issue the subpoena filed with this Motion.
21 Respectfully submitted this 28th day of March, 2006.

MIKKELBORG, BROZ, WELLS & FRYER, PLLC

_____
Jess G. Webster (Alaska Bar No. 8410088)
Attorneys for Plaintiffs

Motion for Issuance of Subpoena- 2
Michael K. Orth, et al. v. C.C.J., INC.
Case No.: 3:06-CV-56
J:\Main\O\ON-OR\ORTH, MIKE - 012388\2- Rolfy v. Midnight Sun -
Underwriters\Pleadings\MotionIssuanceSubpoena032806.doc



MIKKELBORG
BROZ | WELLS | FRYER P.L.L.C.
ATTORNEYS AT LAW
1001 FOURTH AVENUE   SUITE 3600   SEATTLE
WASHINGTON 98154-1115   TEL: 206.623.5890

**EXHIBIT A**

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ ALASKA AT ANCHORAGE

MICHAEL K. ORTH, etc., et al.

V.

C.C.J., INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:06-CV-00056 TMB

TO: United States of America, Department of Homeland Security, United States Coast Guard, Commander (D1) 17th Coast Guard District, P.O. Box 255, Juneau, AK 99802

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): 1) That Report of Investigation Into The Circumstances Surrounding the Incident Involving F/V MIDNITE SUN - F/V ROLFY COLLISION, on 08/09/2004, MISLE Activity No.: 2163205, Originating Unit: MSD Kodiak, MISLE Case No. 193736, without redaction or alteration; and 2) All materials collected in the course of the investigation that lead to the above-referenced document, including all photographs, audio and/or video recordings, and all statements of any witnesses taken or otherwise collected by the investigating officers.

| PLACE U.S. Coast Guard Legal Office 709 West 9th Street, Room 619 Juneau, AK 99802 | DATE AND TIME Friday, March 24, 2006 @ 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) _____, Attorney for Plaintiffs | DATE March 16, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jess G. Webwter, Esq.
Mikkelborg, Broz, Wells & Fryer, PLLC, 1001 4th Avenue Suite 3600, Seattle, WA 98154 Ph: 206-623-5890

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | March 17, 2006 | Via Certified Mail to: C/O: Lt. Anthony R. Owens<br>United States of America, Department of Homeland Security<br>United States Coast Guard, Commander (D1)<br>17th Coast Guard District, P.O. Box 255, Juneau, AK 99802 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lt. Anthony R. Owens | U.S. Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Fran Gaebler | Legal Assistant<br>Mikkelborg, Broz, Wells & Fryer, PLLC |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   March 17, 2006
                    DATE

SIGNATURE OF SERVER

1001 4th Avenue Suite 3600
ADDRESS OF SERVER

Seattle, WA 98154-1115

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

| | | |
|---|---|---|
| **U.S. Department of Homeland Security**<br>**United States Coast Guard** | Commander<br>17th Coast Guard District | P.O. Box 25517<br>Juneau, Alaska 99802<br>Staff Symbol: (dl)<br>Phone: (907) 463-2050<br>Fax: (907) 463-2054<br>Email: |

16772
March 23, 2005

Jess G. Webster
Mikkelborg, Broz, Wells & Fryer, PLLC
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154

Dear Mr. Webster,

On March 16, 2006, I received an email from you including an attached United States District Court Subpoena (civil case number 3:06-CV-00056 TMB), signed by you, directing our office to release to you certain information for litigation in which the United States is not a party. On March 20, 2006, I received by certified mail (certified mail number 91 7108 2133 3932 6089 5848) a copy of the United States District Court Subpoena you attached in your March 16, 2006 email you me.

Pursuant to the Coast Guard Freedom of Information (FOIA) and Privacy Acts Manual, and the Privacy Act of 1974, Coast Guard personnel are prohibited from releasing certain information in response to a subpoena unless the demand is in the form of a subpoena signed by a federal judge or is accompanied by a release from the subject of the Privacy Act material. See The Coast Guard Freedom of Information (FOIA) and Privacy Acts Manual, COMDTINST M5260.3, Chapter 13; See also the Privacy Act, 5 U.S.C. § 552a (b). To obtain the information you seek you must comply with one of the above requirements.

If you have any questions, please do not hesitate to call me at the number above.

Sincerely,

A.R. Owens
Lieutenant, USCG
District 17 Assistant Legal Officer

#

Enclosures:  (1) Email dtd 16 March 2006
 (2) United States District Court Subpoena (civil case number 3:06-CV-00056 TMB)
 (3) The Coast Guard Freedom of Information (FOIA) and Privacy Acts Manual, COMDTINST M5260.3, Chapter 13