

**MIKKELBORG**
BROZ | WELLS | FRYER
ATTORNEYS AT LAW

| Mitchell A. Broz | Douglas M. Fryer |
| Robert O. Wells, Jr. | Jess G. Webster |
| John E. Lenker | Vickie F. Li |
| Shelley M. Buckholtz | Sally A. Lanham |
| Thomas A. Pedreira | Joel Watkins |

**Jess G. Webster**
Email: jgwebster@mikkelborg.com

April 12, 2006

***Via Certified Mail - Return Receipt Requested***

A. R. Owens, Lieutenant
USCG District 17 Legal Officer
United States Coast Guard
P.O. Box 25517
Juneau, AK  99802

Re:   Michael K. Orth, et al. v. C.C.J., Inc.
      United States District Court Case No. 3:06-cv-0056-TMB

Dear Lieutenant Owens:

    Enclosed please find plaintiff's Subpoena directed to the U.S. Coast Guard for the production of documents indicated in Attachment A of the Subpoena.

    You will note that the Subpoena has been signed by United States District Judge Timothy M. Burgess as required by the Coast Guard Freedom of Information and Privacy Acts Manual.  For your reference, a copy of the Judge's Order is also enclosed.

    Please provide the indicated records on or before April 19, 2006.  As indicated previously, it is my preference that the documents be either emailed or mailed to my office.

    Please do not hesitate to contact me should you have any questions or comments.

Sincerely,

Jess G. Webster, Esq.

JGW/fg
Enclosures

cc:   Philip W. Sanford
      Holmes Weddle & Barcott

Exhibit 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF __ALASKA AT ANCHORAGE__

MICHAEL K. ORTH, etc., et al.

V.

C.C.J., INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  3:06-CV-00056 TMB

TO: United States of America, Department of Homeland Security
United Stats Coast Guard, Commander (D1)
17th Coast Guard District
P.O. Box 255, Juneau, AK 99802

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
PLEASE SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| U.S. Coast Guard<br>709 West 9th Street, Room 619, Juneau, AK 99802 | APRIL 19, 2006<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] UNITED STATES DISTRICT JUDGE, DISTRICT OF ALASKA | 4/6/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

TIMOTHY M. BURGESS, BOX 33 222 W 7th, ANCHORAGE, ALASKA 99513  (907) 677-6241

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | April 12, 2006 | Via U.S. Certified Mail to: C/O: Lt. Anthony R. Owens<br>USCG District 17 Legal Officer<br>United States Coast Guard<br>17th Coast Guard District<br>P.O. Box 22517, Juneau, AK 99802 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lt. Anthony R. Owens | U.S. Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Fran Gaebler | Legal Assistant<br>Mikkelborg, Broz, Wells & Fryer, PLLC |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    April 12, 2006
                    DATE

*(signature)* Fran Gaebler
SIGNATURE OF SERVER

1001 4th Avenue  Suite 3600
ADDRESS OF SERVER

Seattle, WA  98154-1115

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

Exhibit 1

Michael K. Orth, et al.                     Case No. 3:06-CV-00056 TMB

    v.

C.C.J., Inc.

## ATTACHMENT A TO SUBPOENA

1.    That Report of Investigation into the Circumstances Surrounding the Incident Involving F/V MIDNITE SUN - F/V ROLFY COLLISION, on 08/09/2004, MISLE Activity No. 2163205, Originating Unit: MSD Kodiak, MISLE Case No. 193736, without redaction or alteration; and 2) All materials collected in the course of the investigation that lead to the above-referenced document, including all photographs, audio and/or video recordings, and all statements of any witnesses taken or otherwise collected by the investigating officer.

Exhibit 1

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

*Orth, et al. v. C.C.J., Inc.*
Case No.3:06-cv-0056-TMB

By:      THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

Plaintiffs issued a subpoena to the United States Coast Guard seeking the investigation report of the collision that underlies this case. The Coast Guard responded that the Freedom of Information Act and its policies require a subpoena signed by a judge to release the information sought. Thus, Plaintiffs move the Court to issue the requested subpoena. Docket No. 4. In the motion Plaintiffs represent that defense counsel does not object to the issuance of the subpoena.

**IT IS THEREFORE ORDERED:**
The motion at **Docket No. 4** is **GRANTED**. The signed subpoena and its attachment are to be filed with this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 5, 2006